UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH T. PIOTROWSKI and | ) | |
| JAMES M. PIOTROWSKI, | ) | |
| | ) | |
| Plaintiffs, | ) | 13-cv-05572 |
| | ) | |
| V. | ) | |
| | ) | |
| MENARD, INC., | ) | |
| a Wisconsin Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, Menard, Inc., (hereinafter "Menard"), by and through its attorneys, Gary T. Jansen and Nicole D. Milos, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, pursuant to Federal Rule of Civil Procedure 56, and requests this Honorable Court grant its motion for summary judgment and in support thereof, states as follows:

### I. INTRODUCTION

There are three independent reasons this Honorable Court should grant summary judgment. First, Plaintiffs' entire case is based upon nothing more than guess, speculation and conjecture that the stones caused her to fall. Plaintiffs admit that they did not see the stones or stones until after Plaintiff's fall. Further, Plaintiffs do not know where the stones came from, how the stones got on to the ground or how long the stones were on the ground.

Next, Defendant is entitled to judgment because Plaintiffs fail to offer evidence that the stones were on the ground as a result of Menard's own negligence. Assuming *arguendo* that Plaintiff's fall was caused by two stones on the pavement, there is no evidence where the stones came from, how the stones came to be on the ground or how long the stones were on the ground.

1

Nor is there evidence regarding how long the stones were on the pavement. There are no facts to prove Defendant had actual or constructive notice of the allegedly unsafe condition on its property.

Finally, Defendant is entitled to summary judgment because the stones were a *de minimis* condition that is not actionable. Plaintiffs have failed to offer evidence to support their claim for negligence. Any of these arguments provides a basis by which this Honorable Court should grant summary judgment in favor of Menard, Inc.

## II.   FACTS

Plaintiffs Hannah, and her husband James, Piotrowski, allege Plaintiff, Hannah Piotrowski tripped and fell in a parking lot at a Menard's store in Hodgkins, Illinois. *See* Doc. No. 1-1. Plaintiffs were exiting the Menard store and walking in the parking lot at the time of the incident. *See* H. Piotrowski deposition attached herein as Exhibit "A", at 19:9-12. Plaintiffs entered the store using one set of doors and exited the store from a different set of doors. Ex. "A", H. Piotrowski, at 30:8-14; 32:3-6.

Plaintiffs Hannah and James Piotrowski were walking in the driving lane in the parking lot at the time of the incident. Ex. "A", H. Piotrowski, at 37:7-9. They were walking together in the parking lot at the time of the incident. Ex. "A", H. Piotrowski, at 35:17-19. Plaintiff, James Piotrowski was walking approximately a foot in front of Plaintiff, Hannah Piotrowski and to her left side. Ex. "A", H. Piotrowski, at 35:20-22.

James Piotrowski did not see his wife trip or stumble. He heard her scream, turned and saw her falling. *See* J. Piotrowski deposition attached herein as Exhibit "B", at 26:15-16; 29:5-6. A customer, Miguel Guzman, was loading his vehicle at the time of Plaintiff's incident. *See* M. Guzman deposition attached herein as Exhibit "C", at 11:14-24. Guzman was parked in the first

parking space, immediately adjacent to the driving lane. Ex. "C", M. Guzman, at 12:10-13:6. Guzman did not see Plaintiff fall, but saw her on the ground. Ex. "C", M. Guzman, 20:9-11. Guzman was approximately four feet from Plaintiffs at the time of the incident. Ex. "C", M. Guzman, at 32:6-11.

Plaintiffs allege that the fall was caused by two stones on the ground; however, no one saw the stones until after Plaintiff's fall. Ex. "A", H. Piotrowski 46:2-3; 47:3-6; Ex. "B", J. Piotrowski, at 40:18-20; Ex. "C", M. Guzman, at 20:17-20. After Plaintiff Hannah Piotrowski straightened her leg, she saw two rocks. Ex. "A", H. Piotrowski, at 46:2-3. After the paramedics began providing assistance to Plaintiff Hannah Piotrowski, James Piotrowski saw stones on the ground by her feet. Ex. "B", J. Piotrowski, at 40:18-20.

Plaintiffs testified that they did not know where the stones came from, how the stones came to be on the ground or how long the stones were on the ground. Ex. "A", H. Piotrowski, at 46:23-24; 48:1-3; Ex. "B", J. Piotrowski, at 70:16-18. Plaintiffs' believe that the stones may have come from the planter that was near the exit of the Menard store. Ex. "A", H. Piotrowski, at 117:7-11; Ex. "B", J. Piotrowski, at 42:18-21. Pursuant to the testimony, the planter was 50-125 feet from the area of Plaintiff's fall. *See* Ex. "C", M. Guzman, at 47:9-23; *see* deposition of K. Krause attached herein as Exhibit "D", at 75:17-20.

The only non-party witness, Mr. Guzman, offered an alternative explanation for how the stones came to be on the parking lot. Mr. Guzman believed that the stones could have fallen from a tire, in light of the number of construction trucks that come through the Menard parking lot. Ex. "C", M. Guzman, at 35:24 – 35:6.

The undisputed evidence proves that, prior to the incident, Menard never received notice of any stones or tripping hazards in the parking lot. Kyle Krause was the General Manager for

Menard on the day in question. Ex. "D", K. Krause, at 20:2-7. Stephanie Rodriguez was the Front End Manager. *See* S. Rodriguez deposition attached herein as Exhibit "E", at 13:24 – 14:3. As General Manager, Krause walked the premises daily, including the area of Plaintiff's accident, prior to the fall. Ex. "D", K. Krause, at 70:20-22; 71:3-11. At no time did Krause observe any rocks or tripping hazards in the area of Plaintiff's fall. Ex. "D", K. Krause, at 105:6 – 106:21.

Menard employees walk through the lot on their way in and out of the store. Ex. "D", K. Krause, at 105. Menard carry-out employees and Front End Managers are consistently walking the parking lot and none of these employees reported any hazard in the parking lot before Plaintiff's fall. Ex. "D", K. Krause, at 106:3-21. Menard did not receive any notification of stones in the parking lot or tripping hazards in the lot before Plaintiff's accident. Ex. "D", K. Krause, at 105:6 – 106:21.

Plaintiff, James Piotrowski showed the stones to Stephanie Rodriguez, the Front End Manager for Menard on the day in question. Ex. "E", S. Rodriguez, at 27:2-4. Rodriguez estimated that each stone was smaller than a quarter. Ex. "E", S. Rodriguez, at 46:7-12. "They both fit in his hand, with plenty of room." Ex. E", S. Rodriguez, at 46:7-12.

### III. ARGUMENT

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant may meet its burden either by presenting specific evidence on a particular issue or by pointing out an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, must support its factual assertions by citing to particular parts of the record, including depositions or affidavits. Fed.R.Civ.P. 56(C). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co, Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, a genuine issue of material fact exists when, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

### A. Plaintiffs' Claim is Based Solely on Speculation and Conjecture.

In Illinois, liability of a storeowner in a slip and fall case cannot be premised upon surmise or conjecture as to the cause of the incident by the plaintiff. *Kimbrough v. Jewel*, 92 Ill.App.3d 813, 817, 416 N.E.2d 328, 331 (1st Dist. 1981). Proximate cause can only be established where there is *reasonable certainty* that the defendant's acts caused the injury. *Id.* The mere occurrence of an accident does not support an inference of negligence. *Waite v. Chicago Transit Authority*, 510 N.E.2d 1176, 1178, 157 Ill.App.3d 616, 619 (1st Dist. 1987).

The plaintiff must present positive and affirmative proof that the defendant's acts and/or omissions proximately caused a specific injury. *Id.* The failure to present such evidence is fatal to a premises liability claim, and in such a case, summary judgment is properly granted. *Id. See e.g., Palumbo v. Frank's Nursery and Crafts, Inc.*, 182 Ill.App.3d 283, 537 N.E.2d 1073 (1st Dist.1989) (upholding summary judgment in favor of where plaintiff surmised that water which dripped from poinsettias was the cause of her fall).

In *Kimbrough*, the plaintiff fell on a ramp near a door while exiting the defendant's store. *Kimbrough*, 92 Ill.App.3d 814. In her complaint, the plaintiff alleged that the defendant failed to

5

keep the area free of debris and failed to properly inspect the area. *Id.* at 814-815. At her deposition, the plaintiff stated that she took one step onto the ramp exiting the building and her feet went out from under her and she fell. *Id.* The plaintiff testified that she was not sure what caused her to fall. *Id.* The appellate court upheld the circuit court's granting of summary judgment in favor of the defendant, finding that because the plaintiff did not know what caused her to fall, her claim failed as a matter of law. *Id.* at 818.

According to *Brett v. F.W. Woolworth*, to create liability, not only must a plaintiff point to a specific defect on the defendant's premises, but the plaintiff must also present competent evidence supporting the conclusion that the defect actually caused the accident. 8 Ill.App.3d 334, 290 N.E.2d 712 (1st Dist. 1972). In *Brett*, the plaintiff alleged that she tripped and fell on two rubber-backed rugs at defendant's store entranceway. *Id.* at 335-336. The rugs were butted together and the plaintiff alleged that this created an unreasonably dangerous condition causing her to fall. *Id.* at 337. While the plaintiff testified that her foot became caught in the rug, she admitted that she did not see what caused her to fall. *Id.* In addition, there were no witnesses who could testify as to how she fell. *Id.* The plaintiff argued that, given the close proximity of her body (after the fall) to what she referred to as a "depression" between the edges of the defendant's two rugs, it was reasonable to infer that the alleged depression caused her to fall to the ground. *Id.* at 336-337.

The *Brett* court opined that while the plaintiff offered "the depression theory as an explanation of the fall, this is merely a conclusion which was unsupported" by any competent evidence. *Id.* at 337. The court focused on the fact that the plaintiff did not see or feel her foot come into contact with the alleged depression. *Id.* "The evidence that her body, after the fall, was in close proximity to the alleged depression" was too ambiguous to support an inference

6

upon which to predicate a causal connection. *Id.* Instead, the court noted that it is possible for someone to trip over anything, no matter how common its use. *Id.* The court further stated that in a case with no evidence as to what caused the fall, "to assign one theory over another as to the cause of her falling would be sheer speculation." *Id.* As a result, the First District held that judgment notwithstanding the verdict was properly granted. *Id.*

In the present case, Plaintiffs offered nothing beyond speculation, guess and conjecture to try and explain what caused Plaintiff Hannah Piotrowski to fall. Plaintiff James Piotrowski walked in the area of Hannah Piotrowski immediately prior to her fall, without incident and did not observe any stones or rocks on the ground. Ex. "B", J. Piotrowski, at 40:14-20; 42:3-5. No one observed Plaintiff Hannah Piotrowski trip. Ex. "B", J. Piotrowski, at 29:5-6; Ex. "C", M. Guzman, at 20:9-11. No one observed the stones that allegedly caused Plaintiff Hannah Piotrowski's fall before her incident. Ex. "A", H. Piotrowski, at 39:6-11; Ex. "B", J. Piotrowski, at 40:18-20. No one was even aware of the presence of the stones until after Plaintiff's fall. Ex. "C", M. Guzman, at 20:17-20; Ex. "B", J. Piotrowski, at 40:14-20; Ex. "A", H. Piotrowski at 46:2-3; 47:3-6.

Despite this lack of knowledge, Plaintiffs speculated as to the origin of the stones. James Piotrowski guessed, without any basis in the evidence, that the stones were either purchased from Menard or came out of the planter adjacent to a Menard exit door. *See* Ex. "B", J. Piotrowski, at 42. Similarly Plaintiff, Hannah Piotrowski speculated that the stones "could have come from the planters outside the Menard's store". *See* Ex. "A", H. Piotrowski, at 117.

Plaintiff Hannah Piotrowski did not realize the stones were on the ground or allegedly caused her fall until after her fall. Ex. "A", H. Piotrowski at 46:2-3; 47:3-6. Despite the fact that Plaintiff James Piotrowski never asked his wife what caused her fall, Plaintiff James Piotrowski

assumes that his wife's fall occurred because of stones that he observed near her feet sometime after she fell. Ex. "B", J. Piotrowski, at 40:14-20. James Piotrowski's assumption, like the conclusion in *Brett,* is unsupported by the evidence and, therefore is sheer speculation.

In order to avoid summary judgment, Plaintiffs must present competent evidence supporting the conclusion that the defect actually caused the accident. Plaintiffs offered no competent evidence to support the conclusion that Hannah Piotrowski fell because of stones on the parking lot. Analogous to the plaintiff in *Brett,* Plaintiffs in the instant case did not see the stones prior to her fall and reached the conclusion that the stones caused her fall after she fell due to the close proximity of the stones to her feet. This conclusion is too ambiguous to support an inference upon which to predicate a causal connection. *Id.* at 336-337.

Further, Plaintiffs' claim relies upon speculation, guess and conjecture to prove how the stones got to the parking lot, where the stones originated or how long the stones had been on the parking lot. Plaintiff Hannah Piotrowski, testified as follows:

> Q. When did you see the rocks?
> A. After I straightened out my foot.

Ex. "A", H. Piotrowski, at 46:2-3.

> Q. Would you agree with me that after your fall is the first time you became aware of the rocks.
> A. Yes.

Exhibit "A", H. Piotrowski, at 47:3-6.

In order for Plaintiffs' to survive summary judgment, in addition to establish that the stones caused her fall, they must cite to evidence that establishes with *reasonable certainty* how the stones came to be in the parking lot and the amount of time that the stones were on the parking lot. In this case, three speculative explanations have been offered to explain how the stones came to be on the ground. First, Plaintiffs have speculated that the stones came from a

planter that contained landscaping rock outside an exit door, which, based on the closest estimate, is 50 feet from the area of Plaintiff's fall. Doc. No. 1-1; Ex. "A", H. Piotrowski, at 117:7-11. Next, assuming that the stones in question are river rock, there is a guess that the stones were landscaping river rock sold by the Menard store. So, possibly, the rock could have fallen out of a bag after a customer purchased it and was bringing the bag to their vehicle. Finally, Mr. Guzman, a witness to Plaintiff's incident, assumed that the rock could have fallen from a tire in light of the number of construction trucks that come through the Menard parking lot. Ex. "C", M. Guzman, at 34:24 – 35:6. There are multiple guesses that could be offered to explain how the stones came to be on the parking lot, but no evidence to prove, with reasonable certainty what caused the accident or, if caused by the stones, how the stones came to be on the parking lot.

In order for Plaintiffs to defeat summary judgment, they must cite evidence that establishes how Plaintiff's accident occurred with reasonable certainty. The record is void of such evidence in this case. Plaintiff, Hannah Piotrowski admitted that she does not know where the stones came from. Ex. "A", H. Piotrowski, at 46:23-24. Plaintiff, James Piotrowski admitted that he did not know how the stones got on the ground. Ex. "B", J. Piotrowski, at 70:16-18. Therefore, Plaintiffs are left with speculation. Plaintiffs' cause of action is relies upon the speculation that since Menard sells landscaping rock, the stones that Plaintiff fell upon must be the same rock sold by Menard and, therefore, Menard must be liable for Plaintiff's accident. However, the law does not support this theory.

Plaintiffs have offered nothing beyond guess, speculation or conjecture to explain how the rock came to be in the parking lot at the time of Plaintiffs' fall. Plaintiffs' cause of action relies upon the unsupported conclusion that Plaintiff fell on stones in the parking lot based on an

9

observation of the proximity of Plaintiff's feet to the stones *after the fall*. Plaintiffs have offered nothing to show how long the stones were present on the parking lot before Plaintiff's fall. Therefore, summary judgment should be granted.

### B. **Summary Judgment Is Appropriate Because Menard Did Not Owe Plaintiffs a Duty**

Illinois law recognizes that "a proprietor owes a business invitee the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition." *Donoho v. O'Connell's, Inc.* 13 Ill. 2d 113, 118, 148 N.E. 2d 434, 437 (1958). Liability may be imposed on a proprietor where a business invitee is injured by slipping on a foreign substance if it was placed there by the negligence of the proprietor. *Id.* If there is no showing how the substance got on the premises, then liability will be imposed only if the proprietor knew of its presence, or the substance was there a sufficient length of time so that in the exercise of ordinary care, its presence should have been discovered. *Id.* If the foreign substance is on the premises due to some reason other than the negligence of the proprietor, then a plaintiff must establish defendant's actual or constructive knowledge. *Id.*

Defendant, in the instant case, is entitled to summary judgment because Plaintiffs failed to present evidence to prove that the stones were on the ground in the parking lot because of the negligence of Defendant Menard; or, that Defendant had actual or constructive knowledge of the stones. *See* Restatement (Second) of Torts §343 (1965); *see also*, *Genaust v. Illinois Power Co.*, 62 Ill.2d 456, 468, 343 N.E.2d 465, 472 (1976); *Tomczak, Planetsphere, Inc.*, 315 Ill.App.3d 1033, 1037-38, 735 N.E.2d 662, 666 (1st Dist. 2000); *Carey v. J.R. Lazzara, Inc.,* 277 Ill.App.3d 902, 907, 661 N.E.2d 413, 416 (1st Dist. 1996).

In the instant case there is no admissible evidence that the stones were placed on the ground by the negligence of Menard. Plaintiffs rely upon guess speculation and conjecture and

argue that the stones in question came from a planter. Ex. "A", H. Piotrowski, at 117:7-11; Ex. "B", J. Piotrowski, at 42:18-21. Plaintiff admits she never learned how these stones got on the parking lot. Ex. A., H. Piotrowski at 52:3-5. The planter in question was a minimum of 50 feet from the location of Plaintiff's fall and Plaintiffs offer no viable explanation for how stones could have traveled the approximately 50 feet from the planter to the site of the accident. Ex. "C", M. Guzman, at 47:9-23. Further, there is no evidence that the planter contains the same rock as the stones that Plaintiff alleges to have fallen. Ex. "D", K. Krause, at 78:14-19; Ex. "E", S. Rodriguez, at 40:19-22.

There can be no dispute that the record is void of any evidence to prove that Menard actually knew of the presence of the stones on the parking lot prior to Plaintiff's fall. Ex. "D", K. Krause, at 105:6 – 106:21. There can further be no dispute that there is a lack of evidence regarding the length of time that the stones were on the ground before Plaintiff's accident. Due to the fact that there is no evidence to prove how the stones came to be in the parking lot, where the stones came from, that Defendant knew about the stones in the parking lot before Plaintiff's fall, or that the stones were there a sufficient length of time so that, in the exercise of ordinary care, their presence should have been discovered, summary judgment is warranted.

The court may next consider the issue of constructive notice. "Where a plaintiff alleges constructive notice, the time element to establish constructive notice is a material factor." *Hayes v. Bailey*, 80 Ill.App.3d 1027, 1030, 400 N.E.2d 544, 546 (3rd Dist. 1980). However, this court must recognize that the duty of ordinary care owed by a business does not require a store to constantly patrol its aisles and floors searching for hazards. *Hresil v. Sears, Roebuck & Co.*, 82 Ill.App.3d 1000, 1002, 403 N.E.2d 678, 680 (1st Dist. 1980)(affirming summary judgment and holding defendant did not have constructive notice of condition when "gob" on the floor that

11

plaintiff claimed caused her fall had been on the floor for at least 10 minutes). If no evidence is offered other than the presence of a substance and the occurrence of an injury, no liability can result. *Thompson v. Economy Super Marts, Inc.,* 221 Ill.App.3d 263, 266, 581 N.E.2d 885, 888 (3rd Dist. 1991).

In *Byrd Tolson v. Supervalue, Inc*., 500 F. Supp. 2d 962 (N.D. Ill. 2007), the plaintiff failed to prove the store had actual or constructive notice of the condition (grapes on a grocery store floor). "Illinois case law is clear that, under such circumstances, a plaintiff does not have a triable negligence case against a store owner." *Id*. at 970. Illinois courts have refused to permit a jury to speculate about how long the substance may have been on the floor and whether there would be any legitimate basis to conclude that a defendant's employees should have been aware of the condition. *Id*. at 971.

In the instant case, the facts are undisputed, Defendant did not have actual notice of the stones on the ground prior to Plaintiff's fall. Ex. "C", M. Guzman, at 20:12 – 21:19; Ex. "B", J. Piotrowski, at 40:14-20; Ex. "A", H. Piotrowski at 46:2-3 – 47:3-6. No one saw stones on the ground until after Plaintiff's fall. *Id.* Therefore, in order for Plaintiffs to prevail, they must introduce evidence of constructive notice. However, there is no such evidence.

Prior to Plaintiff's fall, Krause walked the parking lot, including the area of Plaintiff's accident. Ex. "D", K. Krause, at 71:3-11. Further, prior to Plaintiff's accident, several Menard employees walked through the parking lot. Ex. "D", K. Krause, at 105:3-21. At no time did any Menard employee report debris or stones on the ground. *Id.* At no time after her fall did Plaintiffs learn that anyone complained about stones in the parking lot. Ex. "A", H. Piotrowski, at 52:6-8. To the contrary, Miguel Guzman, a frequent patron of the Menard store testified that, "I go there very often and they keep the place clean." Ex. "C", M. Guzman, at 24:14-18.

Therefore, there is a total absence of evidence to prove how long the stones had been on the ground. Plaintiffs failed to establish the material factor, time element and cannot rely upon constructive notice to prove liability against Defendant. Therefore, Defendant is entitled to summary judgment

    **C.**     <u>**The Alleged Defect Was De Minimis And Not Actionable As A Matter of Law**</u>

The *de minimis* rule provides that minor defects are not actionable as a matter of law. *Putman v. Village of Bensenville*, 337 Ill. App. 3d 197, 202-203, 786 N.E.2d 203, 206-7 (2d Dist. 2003). The *de minimis* rule applies to private owners and possessors of land. *Hartung v. Maple Investment and Development Corp.*, 243 Ill. App. 3d 811, 815, 612 N.E.2d 885, 887 (2nd Dist. 1993). Minor defects only present a jury question "when the defect is such that a reasonably prudent person should anticipate some danger to persons walking on it." *Id.* at 814.

Illinois courts have not found a "mathematical standard which can be used to determine when a defect is so minor as to not be actionable." *Birck v. City of Quincy*, 241 Ill. App. 3d 119, 122, 608 N.E.2d 920, 923 (4th Dist. 1993). "Illinois law suggests that defects under two inches, absent other circumstances, are not actionable." *Gresser v. Union Pac. R.R. Co.*, 130 F. Supp. 2d 1009, 1015 (C. D. Ill. 2001) (analyzing Illinois case law).

In *Hartung*, the plaintiff was walking her dog on a sidewalk in front of a shopping center and tripped over a raised portion of concrete in the middle of the sidewalk. 243 Ill. App. 3d 811, 812. The plaintiff did not measure the height difference but believed it to be approximately one-half inch to three-fourths of an inch. *Id*. at 812. The *Hartung* court upheld summary judgment. *Id.* at 817. The court found a defect was not unreasonable and "one that a person exercising ordinary care could have easily avoided." *Id.* at 816-817

13

In *Putman*, the plaintiff tripped on the edge of a handicap accessible ramp where it abutted the gutter. 337 Ill. App. 3d at 200. The plaintiff presented evidence that there was a one-inch height difference between the ramp and gutter where they adjoined. *Id.* at 203. The court found that under Illinois case law, a one-inch defect "lies within the ambit of the *de minimis* rule and is not actionable." *Id.*

In the instant case, Plaintiffs speculate that Plaintiff Hannah Piotrowski tripped and fell as a result of two stones that were no larger than one inch. Ex. "D", M. Guzman, at 34:18-23. In fact, Stephanie Rodriguez estimated that each stone was smaller than a quarter. Ex. "E", S. Rodriguez, at 46:7-12. The stones were small enough that they both fit in Plaintiff James Piotrowski's hand, "with plenty of room." Ex. "E", S. Rodriguez, at 46:7-12.

The defect that allegedly caused Plaintiff, Hannah Piotrowski's fall was no more than 1-inch high. Therefore, the defect at issue is non-actionable as defined by Illinois law and Defendant is entitled to summary judgment.

### III.    CONCLUSION

The parties do not dispute that Plaintiff Hannah Piotrowski fell in the Menard parking lot on April 12, 2012 after she exited the store with her husband. However, the mere occurrence of Mrs. Piotrowski's fall does not support an inference of negligence against Menard. There is no evidence that Plaintiff's fall was caused by the negligence of Menard.

Plaintiffs' cause of action is based on speculation and liability cannot be premised upon speculation. Plaintiffs speculate that the two stones observed in close proximity to her feet after her fall, caused her fall. Plaintiffs speculate that the stones came from a planter that was, at a minimum, 50 feet from the location of the fall. Plaintiffs ignore the possibilities that it is equally possible that the stones fell from a tire of a truck driving through the parking lot or came from an

14

opened bag that a customer carried from the store. Pursuant to *Kimbrough,* Defendant is entitled to judgment as a matter of law

Plaintiffs have not offered evidence to establish that Menard owed Plaintiffs' a duty. There is no evidence that Menard had actual or constructive notice of the stones on the ground before Plaintiffs' fall. There is no evidence regarding how long these stones were purportedly on the ground. There is no evidence that the negligence of Menard caused the stones to be on the parking lot at the time of Plaintiff's fall. As Plaintiffs failed to present evidence of a duty, Defendant is entitled to summary judgment.

Finally, the evidence proves that the stones in question were less than one (1) inch. Therefore, pursuant to the well-recognized *de minimis* rule, the stones presented non-actionable defect and one that a person exercising ordinary care could have easily avoided. For any and all of these reasons, Defendant's motion for summary judgment should be granted.

WHEREFORE, Defendant, Menard, Inc. prays that this Honorable Court enter summary judgment in favor of said Defendant, and against Plaintiffs Hannah T. Piotrowski and James M. Piotrowski.

Respectfully submitted,
s/Nicole D. Milos_____
One of the Attorneys for Defendant, MENARD, INC.
Gary T. Jansen/Nicole D. Milos
CREMER SPINA SHAUGHNESSY JANSEN & SIEGERT LLC
One North Franklin Street, 10th Floor
Chicago, IL 60606
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 30, 2015, the foregoing Memorandum was electronically filed with the Clerk of the Court using the CM/ECF system and was electronically submitted to the following: Joseph F. Vosicky, Jr., Law Offices of Joseph F. Vosicky, Jr., 53 West Jackson Boulevard, Suite 1522, Chicago, Illinois 60604.

                                                            By: s/Nicole D. Milos