# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HANNAH T. PIOTROWSKI and <br> JAMES M. PIOTROWSKI, <br><br> Plaintiffs, <br><br> V. <br><br> MENARD, INC., <br> a Wisconsin Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    13-cv-05572 <br> ) <br> ) <br> ) <br> ) |

## STATEMENT OF FACTS IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, Menard, Inc., (hereinafter "Menard"), by and through its attorneys, Gary T. Jansen and Nicole D. Milos, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, and as its statement of facts, pursuant to Rule 56.1(a) of the Rules of the United States District Court for the Northern District of Illinois, states as follows:

1. Plaintiffs filed a Complaint with the Circuit Court of Cook County, Illinois on July 2, 2013. Doc. No. 1-1.

2. On August 5, 2013, Menard filed a Notice of Removal. Doc. No. 1.

3. Plaintiffs' Complaint alleges that on April 14, 2012, Plaintiff Hannah Piotrowski, tripped and fell at a Menard's store located in Hodgkins, Illinois. Doc. No. 1-1.

4. On April 14, 2012, Plaintiffs went to the Menards store in Hodgkins to buy an ironing board. See H. Piotrowski deposition attached herein as Exhibit "A", at 20:1-2.

5. There was no precipitation on the day of the incident. Exhibit "A", H. Piotrowski, at 18:12-18.

6. They arrived at the store at approximately 10:00 am and shopped for approximately one hour. Exhibit "A", H. Piotrowski, at 19:3-8.

7. Plaintiffs were leaving the store at the time of the incident. Exhibit "A", H. Piotrowski, at 19:9-12.

8. The Menard store has numerous entrances and exits. J. Piotrowski deposition attached herein as Exhibit "B", at 12-14. There is a main entrance door and two exit doors from the store. Exhibit "B", J. Piotrowski, at 12-14. One door leads into the hardware store, another door into the gardening section and a third door, into the lumber area. Exhibit "B", J. Piotrowski, at 12-14.

9. Plaintiffs entered the Menard store through the "Entrance" doors and exited through a different, "Exit" door. Exhibit "A", H. Piotrowski, at 30:8-14; 32:3-6.

10. While walking to their car, Plaintiff, Hannah Piotrowski, was walking with her husband. Exhibit "A", H. Piotrowski, at 35:17-19.

11. James Piotrowski was walking approximately a foot in front of her and to her side. Exhibit "A", H. Piotrowski, at 35:20-22.

12. Hannah and James Piotrowski were walking in an easterly direction toward the area where they parked their car. Exhibit "A", H. Piotrowski, at 37:7-9.

13. Hannah and James Piotrowski were walking across the driving lane of the Menard parking lot at the time of the incident. Exhibit "A", H. Piotrowski, at 37:7-9.

14. James Piotrowski heard Hannah Piotrowski scream and turned back and to his left and saw Hannah Piotrowski falling to the ground. Exhibit "B", J. Piotrowski, at 26:15-16; 29:5-6.

15. Miguel Guzman was loading his vehicle which was parked in a parking space in the parking lot at the time of the incident. M. Guzman deposition attached herein as Exhibit "C", at 11:14-24.

16. Mr. Guzman was parked in the first parking space from the driving lane. Exhibit "C", Guzman, at 12:10-13:6.

17. Mr. Guzman saw Hannah Piotrowski on the ground. Exhibit "C", M. Guzman, at 20:9-11.

18. Mr. Guzman testified that at the time of her fall, Plaintiff was approximately four (4) feet away from him. Exhibit "C", M. Guzman, at 32:6-11.

19. Plaintiffs allege that Hannah Piotrowski fell because of two rocks on the ground. Complaint. Doc. No. 1-1, para 7, c.

20. Plaintiff Hannah Piotrowski, did not see any rocks, pebbles or debris in the parking lot prior to her fall. Exhibit "A", H. Piowtrowski, at 39:6-11.

21. James Piotrowski did not step on any stones while he was walking in front of Hannah in the direction of their parked car. Exhibit "B", J. Piotrowski, at 42:3-5.

22. Plaintiff James Piotrowski testified that before her fall, he had not noticed stones on the ground. Exhibit "B", J. Piotrowski, at 40:18-20.

23. Plaintiff Hannah Piotrowski testified that nothing prevented her from seeing the rocks that allegedly caused her fall before her fall. Exhibit "A", H. Piowtrowski, at 39:1-3.

24. No one saw any rocks in the parking lot until after Plaintiff's fall. Exhibit "C", M. Guzman, at 20:17-20; Exhibit "B", J. Piotrowski, at 40:18-20; Exhibit "A", H. Piotrowski at 46:2-3; 47:3-6.

25. Plaintiff Hannah Piotrowski, testified as follows:

> Q. When did you see the rocks?
> A. After I straightened out my foot.

Exhibit "A", H. Piotrowski, at 46:2-3.

> Q. Would you agree with me that after your fall is the first time you became aware of the rocks.
> A. Yes.

Exhibit "A", H. Piotrowski, at 47:3-6.

26. Following Plaintiff's accident, Menard Front End Manager Stephanie Rodriguez and Menard General Manager Kyle Krause came to the scene. Neither individual observed any debris on the ground. K. Krause deposition attached herein as Exhibit "D", at 20:27; 70:12-15; S. Rodriguez deposition attached herein as Exhibit "E", S. Rodriguez, at 13:24-14:3; 45:10-11.

27. James Piotrowski never asked Hannah what caused her fall. Exhibit "B", J. Piotrowski, at 39:7-8.

28. After the paramedics began assisting Plaintiff Hannah Piotrowski, James Piotrowski saw stones on the ground by Hannah Piotrowski's feet. Exhibit "B", J. Piotrowski, at 40:14-20.

29. James Piotrowski picked up the stones which prevented anyone else from seeing the stones on the ground. Exhibit "B", J. Piotrowski, at 39:1-40; 24.

30. Menard, Inc. front end manager, Stephanie Rodriguez testified that she observed the area where she saw Hannah Piotrowski on the ground and did not see any debris. Exhibit "E", S. Rodriguez, at 45:6-21. There were no stones on the ground. Exhibit "E", S. Rodriguez, at 45:15-16.

31. Mr. Guzman did not see the stones on the ground, but testified that James Piotrowski was holding a stone in his hand, showed the stone to Mr. Guzman and told him that this was what caused the fall. Exhibit "C", M. Guzman, at 20:12 – 21:19.

32. The stones are no larger than an inch. Exhibit "D", M. Guzman, at 34:18-23.

33. James Piotrowski showed two stones to Stephanie Rodriguez on the day in question. Exhibit E, S. Rodriguez, at 27:2-4.

34. Stephanie Rodriguez estimated that each stone was smaller than a quarter. Exhibit "E", S. Rodriguez, at 46:7-12. "They both fit in his hand, with plenty of room." Exhibit "E", S. Rodriguez, at 46:7-12.

35. As a Menard General Manager, Kyle Krause walked the store premises daily. Exhibit "D", K. Krause, at 70:20-22. Therefore, prior to Plaintiff's fall, Krause walked the parking lot, including the area of Plaintiff's accident. Exhibit "D", K. Krause, at 71:3-11.

36. Menard sells river rock. Exhibit "D", K. Krause, at 81:1-5.

37. River rock is round in shape and 1-3 inches in size. Exhibit "D", K. Krause, at 104:17-20. Exhibit "E", S. Rodriguez, at 41:1-3.

38. Kyle Krause and Stephanie Rodriguez testified that the rocks that Plaintiff James Piotrowski identified are not river rock. Exhibit "D", K. Krause, at 78:14-19. Exhibit "E", S. Rodriguez, at 40:19-22.

39. Menard was never advised of the presence of loose stones or rocks in the parking lot. Exhibit "D", K. Krause, at 105:18 – 106:22.

40. With regard to his observations of the site, Menard General Manager Kyle Krause testified as follows:

> Q. Did you make an observation of the parking lot area around the area where she was on the ground?
> A. Yes.
> Q. Did you see any rocks on the ground?
> A. No.
> Q. Did you see any tripping hazards around where Ms. Piotrowski was on the ground?
> A. No.

> Q. Did you see the rock that's depicted in Guzman Exhibit 2 on the ground?
> A. No.
> …
> Q. When you observed the area when you went out and saw Ms. Piotrowski after her fall, did you see anything that explained to you how she fell or why she fell?
> A. No.

Exhibit "D", K. Krause, at 105:6 – 106:2.

39. No one complained to anyone at Menard about loose stones in the parking lot at any time before or after the accident. Exhibit "D", K. Krause, AT 105; Exhibit "C", M. Guzman, at 24:14-18.

40. Mr. Krause, the Menard General Manager, testified that no Menard, Inc. employees reported any tripping hazards in the parking lot before Plaintiff's fall:

> Q. Did any carry-outs ever report to you that there was tripping hazards in the parking lot in the hours before Mrs. Piotrowski's accident?
> A. No.
> Q. Did any front end managers ever report to you that there was tripping hazards in the parking lot in the hours before Mrs. Piotrowski's fall?
> A. No.
> Q. When the Menard team members came to work where did they park?
> A. In the far back side of our parking lot. They have to walk through all of our guest cars, and then they get to the entrance of our store.
> Q. Did any of the team members report to you that there was loose rock on the ground on the parking lot –
> A. No
> Q. – prior to Ms. Piotrowski's fall?
> A. Sorry. No.

Exhibit "D", K. Krause, at 106:3-21.

41. Plaintiff, Hannah Piotrowski testified that she did not hear anyone complain about rocks in the parking and she did not complain about rocks in the parking lot. Exhibit "A", H. Piotrowski, at 48:4-9.

42. At no time after her fall did Plaintiffs learn that anyone complained about rocks in the parking lot. Exhibit "A", H. Piotrowski, at 52:6-8.

6

43. Mr. Guzman has never noticed debris, garbage or refuse in the parking lot. Exhibit "C", M. Guzman, at 25:3-5.

44. Mr. Guzman, a frequent patron of the Menard store testified that, "I go there very often and they keep the place clean." Exhibit "C", M. Guzman, at 24:14-18.

45. Hannah Piotrowski testified that she did not know how long the rocks had been on the ground before her fall. Exhibit "A", H. Piotrowski, at 48:1-3.

46. There is a planter next to the "Exit" door that Plaintiffs used on the day of her incident. Exhibit "A", H. Piotrowski, at 120:21-23.

47. Mr. Guzman estimated that this planter is approximately 50-60 feet from the exit of the Menard store and it is 20 feet between the exit and his car. Exhibit "C", M. Guzman, at 46:1-10; 47:9-23.

48. Kyle Krause estimated that the area between this planter and where Plaintiff fell was 75 to 125 feet. Exhibit "D", K. Krause, at 75:17-20.

49. Plaintiff Hannah Piotrowski testified that she "believes" that these rocks "could have come from the planters outside the Menard store." Doc. No. 1-1; Exhibit "A", H. Piotrowski, at 117:7-11.

50. Despite their assumption, Hannah Piotrowski testified as follows:

> Q. Do you know where the rocks came from?
> A. No.

Exhibit "A", H. Piotrowski, at 46.

> Q. Did you ever come to learn how the rocks got on the parking lot?
> A. No.

Exhibit "A" H. Piotrowski, at 52:3-5.

51. Similarly, James Piotrowski testified,

> Q. Do you know where the stones came from?
> A. I believe it was from a decorative – you can buy them in bags or it came out of that planter because they had them in that planter.

Exhibit "B", J. Piotrowski, at 42:18-21.

> Q. Do you know if the stones that are in the planter, that's Exhibit 3 and 4, are the same stones as what you saw on the ground?
> A. I don't remember.

Exhibit "B", J. Piotrowski, at 43:16-24.

> Q. Do you know how the stones got on the ground?
> A. No.

Exhibit "C", J. Piotrowski, at 70:16-18.

52. Guzman speculated that the rock could have fallen from a tire especially in light of the number of construction trucks that come through the Menard parking lot. Exhibit "C", M. Guzman, at 34:24 – 35:6.

Respectfully submitted,

s/Nicole D. Milos
One of the Attorneys for Defendant, MENARD, INC.
Gary T. Jansen
Nicole D. Milos
CREMER SPINA SHAUGHNESSY JANSEN & SIEGERT LLC
One North Franklin Street, 10th Floor
Chicago, IL 60606
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 30, 2015, the foregoing Statement was electronically filed with the Clerk of the Court using the CM/ECF system and was electronically submitted to the following: Joseph F. Vosicky, Jr., Law Offices of Joseph F. Vosicky, Jr., 53 West Jackson Boulevard, Suite 1522, Chicago, Illinois 60604.

                By: s/Nicole D. Milos