UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HANNAH PIOTROWSKI AND
JAMES PIOTROWSKI,

      **Plaintiffs,**

v.

MENARD, INC.,

      **Defendant.**

No. 13 C 5572

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

This case arises from a fall in the parking lot of a retail store owned and operated by Menard, Inc., a Wisconsin corporation. Plaintiffs Hannah Piotrowski and James Piotrowski, Illinois residents, brought this negligence claim against Menard based on Mrs. Piotrowski's physical injuries suffered as a result of her fall at Menard's store and Mr. Piotrowski's loss of consortium. (Dkt. 1-1). On July 2, 2013, Plaintiffs filed this action in the Circuit Court of Cook County, Illinois (Dkt. 1-1) and on August 5, 2013, Defendant removed it to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441(a). (Dkt. 1). Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and Illinois substantive law controls. *Protective Life Insurance. Co. v. Hansen*, 632 F.3d 388, 392 (7th Cir. 2011) (a federal court sitting in diversity applies the substantive law of the state in which it is sitting); *Fednav Intern. Ltd. v. Continental Insurance. Co.*, 624 F.3d 834, 838 (7th Cir. 2010). Before this Court is Defendant's motion for

summary judgment. (Dkt. 41). The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). For the reasons set forth below, Defendant's motion is granted.

## I. BACKGROUND FACTS

On April 14, 2012, Plaintiffs visited a Menard's store located in Hodgkins, Illinois. (Dkt. 49, ¶ 4).[1] At approximately 11:00 a.m., Plaintiffs left the store and were walking to their car. (Dkt. 49, ¶ 6-10). Mr. Piotrowski was walking approximately one foot in front of his wife and to her side. (Dkt. 49, ¶ 11). Mrs. Piotrowski tripped and fell. (Dkt. 49, ¶ 3, 14). A customer, Miguel Guzman, was loading his vehicle approximately four feet away from Mrs. Piotrowski when she fell. (Dkt. 49, ¶¶ 15-18).

Mrs. Piotrowski did not see any rocks, pebbles or debris in the parking lot prior to her fall.[2] (Dkt. 49, ¶ 20; H. Piotrowski Dep. at 39). Mrs. Piotrowski testified that she does not know where the rocks came from or how long the rocks had been on the ground prior to her fall. (Dkt. 49, ¶¶ 45, 50; H. Piotrowski Dep. at 46-48). Mr. Piotrowski did not step on any stones while walking in front of Mrs. Piotrowski and

---

[1] The Court relies on Plaintiffs' Response to Defendant's Statement of Facts. (Dkt. 49).
[2] Plaintiffs seek to introduce an affidavit by Mrs. Piotrowski whereby she changes a deposition response by way of an Errata sheet. At her February 17, 2014, deposition Mrs. Piotrowski testified that she did not see the rocks on the parking lot before she fell. (Dkt. 43-1, H. Piotrowski Dep. at 47) ("Would you agree with me that after your fall is the first time you became aware of the rocks." "Yes."). On April 15, 2014, Mrs. Piotrowski submitted a change to her answer. (Dkt. 48 at 24) ("Felt something under foot, I was not aware that it was rock until I saw the rocks."). Defendant argues that this Errata sheet is inadmissible because it contradicts Mrs. Piotrowski's original testimony. For purposes of this motion, the Court assumes that Mrs. Piotrowski fell on the rocks. Therefore, the Court declines to consider whether the Errata sheet was properly executed.

had not noticed stones on the ground prior to his wife's fall. (Dkt. 49, ¶¶ 21-22; J. Piotrowski Dep. at 40-42).

Mrs. Piotrowski testified that the rocks could have come from a planter located outside the Menard's store. (Dkt. 49, ¶ 49; H. Piotrowski Dep. at 117). Mr. Piotrowski believes the rocks were decorative from Menard's store: "I believe it was from a decorative – you can buy them in bags or it came out of that planter because they had them in that planter." (Dkt. 49, ¶ 41; J. Piotrowski Dep. at 42).

It is undisputed that there is a planter located outside the store's exit door that Plaintiffs used on the day of the incident. (Dkt. 49, ¶ 46). Menard's store sells river rock. (Dkt. 49, ¶ 36). Kyle Krause, Menard's General Manager for the Hodgkins store, replenishes the river rock in the planter "whenever it looks a little bare." (Krause Dep. at 76, 89). Other employees also put rock in the planters. (Krause Dep. at 77-79). Mr. Krause testified that he does not remember any incidents of children playing in the planters. (Krause Dep. at 87-88). Stephanie Rodriguez, the Front End Manager, testified: "I have seen children standing in the planter." (Rodriguez Dep. at 51). As part of Menard's springtime maintenance, Hurricane Power Wash, Inc. pressure washes the Menard store front every Wednesday. (Krause Dep. at 44, 46).

Mr. Krause estimated that the area between the planter and Mrs. Piotrowski's fall is about 75 to 125 feet. (Dkt. 49, ¶ 48; Krause Dep. at 75). Mr. Guzman testified that a planter may have been located 50-60 feet from the Menard's exit. (Guzman

Dep. at 47-48). Mr. Piotrowski estimated that the exit of Menard's store was 15 feet from where Mrs. Piotrowski fell. (J. Piotrowski Dep. at 27-28).

As part of his duties as general manager, Mr. Krause walks around the store premises daily, "[e]very square foot of our store, our parking lot, my outside yard, and our perimeter." (Dkt. 49, ¶ 35; Krause Dep. at 71). He testified that he normally walks the parking lot right when he gets in from his shift, and on April 14, 2012, his shift would have started at either 5:00 a.m. or 10:00 a.m. (Krause Dep. at 71-72). Prior to the incident, the store did not receive notice of any loose rock or tripping hazards in the parking lot. (Dkt. 49, ¶ 40(a); Krause Dep. at 105-106). According to Mr. Krause, Menard employees walk through the parking lot on their way in and out of the store, and none of the employees reported any hazard in the parking lot prior to Mrs. Piotrowski's fall. (Krause Dep. at 106).

## II. LEGAL DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In

determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014)

**B. Liability for Personal Injury**

Illinois law governs the extent of Menard's liability in this diversity action. In order to prevail on a claim of negligence, a plaintiff must prove: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty of care; and (3) that the breach of that duty proximately caused the plaintiff's injury. *Parker v. CBM Design, Inc.*, 2014 IL App (1st) 13-0677-U, ¶ 39; *Baez v. Target Corp.*, No. 13 C 4258, 2015 WL 753740, at *2 (N.D. Ill. Feb. 20, 2015). "Whether a duty is owed presents a question of law for the court to decide, while breach of duty and proximate cause present questions of fact for the jury to decide." *Thompson v. Gordon*, 241 Ill.2d 428, 438–39, 948 N.E. 2d 39, 45 (2011).

In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them. *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 448 (2006); *Donoho v. O'Connell's, Inc.*, 13 Ill.2d 113, 118 (1958) (A defendant "owes a business invitee the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition."); *Peterson v. Wal–Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001) (applying Illinois law). The parties do not dispute that Menard owed Plaintiffs a duty of care to maintain its premises in a reasonably safe condition. The parties disagree, however, as to whether Menard

breached its duty by keeping a planter filled with rocks on its premises and whether, in turn, this breach of duty proximately caused Mrs. Piotrowski's fall and injury.

### 1. Breach of Duty

"Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e., the business had constructive notice of the substance." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014) (citing *Newsom–Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 2011 IL App (1st) 092860; *Pavlik v. Wal–Mart Stores, Inc.*, 323 Ill.App.3d 1060 (2001)).

#### a. Plaintiffs have presented no evidence that Menard was responsible for the rocks in the parking lot.

Plaintiffs argue that Menard caused the dangerous condition (i.e. the rocks in the parking lot) by maintaining a planter full of rocks on the store's premises. To prove that the defendant, as opposed to a third person, created the dangerous condition, Illinois courts require plaintiffs to (1) show that the foreign substance was related to the defendant's business and (2) offer evidence, "direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on

the premises." *Zuppardi*, 770 F.3d at 649-50 (quoting *Donoho v. O'Connell's, Inc.*, 13 Ill. 2d 113, 122 (1958)). In other words, to create a triable issue of fact with respect to whether Defendant or its agent placed the rocks on the ground, Plaintiffs need to present some evidence showing that the rocks Mrs. Piotrowski fell on were in the parking lot through Menard's negligence rather than a customer's.

In *Zuppardi*, the plaintiff slipped on a puddle of water near the back of the store where employees traveled regularly to clock in and out, take breaks and unload inventory. 770 F.3d at 646. In affirming summary judgment, the court found that plaintiff failed to set forth sufficient evidence, either direct or circumstantial, to create an inference that Wal–Mart caused the water spill: "She did not see the water prior to the fall nor did she know how the water accumulated. There were no trails, tracks, or footprints leading to or from the puddle to any store display or freezer. [Plaintiff] . . . did not see any Wal–Mart employees as she traveled down the aisle prior to the fall. . . . She did not notice any carts with paper towels or cleaning liquids near the puddle." *Id.* at 650. There was testimony that an employee was shelving water six aisles away, *id.* at 646, and the plaintiff relied on that fact to argue a possible theory of how the water was spilled. The *Zuppardi* court found it "insufficient for [plaintiff] to solely provide a possible way in which a Wal–Mart employee could have caused the spill," and affirmed summary judgment. 770 F.3d at 650.

This case is strikingly similar. There is no dispute that river rocks are sold by Menard and are used to fill the planter in the parking lot. (Dkt. 49, ¶ 36; Krause

Dep. at 76, 89). Plaintiffs assert that the rocks Mrs. Piotrowski slipped on resemble those sold at Menard's store.[3] However, Plaintiffs are unable to offer even slight evidence tending to show that Menard, as opposed to a customer, was responsible for the rocks being in the parking lot. Like the plaintiff in *Zuppardi*, Mrs. Piotrowski simply argues that "she slipped on something that happens to be sold by [Menard], and such evidence fails to support an inference that [Menard] caused the spill." *Id.*

Plaintiffs imply that the rocks' placement in the parking lot was more likely caused by rocks spilling from the planter than by a customer. (Dkt. 48 at 11-12). However, Plaintiffs also admit that there are a myriad of ways that the rocks could have come to be in the parking lot: "[the planter] was being depleted somehow, either by patrons or children carrying it away, overfill, power washing of the store front, employees or customers setting something on the planter and moving the rocks onto the surrounding parking lot when they pulled an object off the planter." (Dkt. 48 at 13). Based on these statements, the Court cannot conclude that the

---

[3] Plaintiffs submitted an unsworn statement from Russell Chadwick, a geologist who compared the rocks Mrs. Piotrowski purportedly tripped on with samples of river rock purchased from Menard's store and opined that the rocks have a similar composition. (Dkt. 48 at 33). Defendant objected to this unsworn statement being relied on as evidence for purposes of a motion for summary judgment. Fed. R. Civ. P. 56(c)(4); *Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996) (an expert report must be accompanied by an affidavit or sworn statement to be considered as competent summary judgment evidence). Defendant is correct. Mr. Chadwick's unsworn statement is inadmissible for purposes of summary judgment. Plaintiffs then attached an affidavit from Mr. Chadwick to their Reply to Defendant's Response to Plaintiffs' Statement of Facts. (Dkt. 58 at 37-38). Because it is undisputed that river rock is sold by Menard and placed in the planter, the Court will consider Mr. Chadwick's sworn testimony. For purposes of this motion, the Court assumes that Mrs. Piotrowski tripped on the rocks at issue and that those rocks are the same as those sold at Menard's store. However, as explained above, Plaintiffs still cannot establish a breach of duty.

alleged spill was more likely caused by Menard than a customer and the Court rejects Plaintiffs' proposition as based purely on speculation. *Roger Whitmore's Auto. Services, Inc. v. Lake County*, Ill., 424 F.3d 659, 669 (7th Cir. 2005) (to defeat summary judgment, plaintiff must present something beyond "bare speculation or a scintilla of evidence").

Plaintiffs have failed to set forth sufficient evidence, either direct or circumstantial, to create an inference that Menard's negligence caused the rocks to be in the parking lot. Plaintiffs offer only speculation. Mrs. Piotrowski did not see the rocks prior to the fall nor does she know how they came to be in the parking lot. (Dkt. 49, ¶¶ 45, 50; H. Piotrowski Dep. at 46). Mrs. Piotrowski did not see any rocks, pebbles or debris in the parking lot prior to her fall, and Mr. Piotrowski did not notice any stones on the ground. (Dkt. 49, ¶¶ 20-22). The planter containing rocks was approximately 50-125 feet away.[4] *See, supra, Zuppardi*, 770 F.3d at 650 ("[Plaintiff] did not see the water prior to the fall nor did she know how the water accumulated. There were no trails, tracks, or footprints leading to or from the puddle to any store display or freezer."). It is insufficient for Plaintiffs to argue a possible way in which a Menard's employee could have caused the spill; Plaintiffs cannot merely "identif[y] a potential source" of the hazard to avoid summary judgment. *See Ciciora v. CCAA, Inc.*, 581 F.3d 480, 483 (7th Cir. 2009) (plaintiff who

---

[4] Plaintiffs state in their Response that the planter is 15 feet from where Mrs. Piotrowski fell. (Dkt. 48 at 11). Mr. Piotrowski's actual testimony is that the Menard exit is 15 feet from Mrs. Piotrowski's fall, *not* the planter. (J. Piotrowski Dep. at 28). *See also* Krause Dep. at 74-76 (noting the distance between where Mrs. Piotrowski fell and the planter was 75-125 feet). In light of the lack of any evidence establishing a breach of duty, the Court finds this disputed fact is not material.

had fallen on ice argued that ice could have formed on store awning, but this was merely speculation, and summary judgment was appropriate because she presented no evidence that ice had formed on store awning or that she had fallen near awning).

### b. Plaintiffs have presented no evidence that Menard had actual or constructive knowledge.

As an alternative to showing that Menard's negligence was responsible for the rocks in the parking lot, Plaintiffs may establish liability by showing Menard had actual or constructive notice of the rocks on its property. "Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that the business had actual or constructive notice of the dangerous condition that caused the fall." *Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008) (citing *Pavlik v. Wal–Mart Stores, Inc.*, 323 Ill.App.3d 1060, 257 Ill.Dec. 381, 753 N.E.2d 1007, 1010 (2001)). Plaintiffs do not argue that Menard had actual notice of the rocks in the parking lot; rather, Plaintiffs assert that they have presented evidence from which a trier of fact could determine that Menard had constructive knowledge of the rocks. Constructive notice can be established under Illinois law by either presenting evidence that (1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident. *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988) (citing Illinois cases).

Plaintiffs do not argue that Menard had constructive notice based on how long the rocks were in the parking lot. Rather, Plaintiffs argue that Mrs. Piotrowski's injury is part of a pattern of conduct or recurring incidents which constitutes constructive notice of a dangerous condition. (Dkt. 48 at 13). Plaintiffs assert that Defendant was aware of the situation due to its employees having to refill the planter with additional landscaping rock. Plaintiffs argue that "Menard, through Menard's pattern of conduct of refilling and overfilling an extremely large planter just outside the exit of their store with decorative River Rock, which they sell, create[d] a hazard and thereby breach[ed] their duty to maintain the premises in a reasonably safe condition to avoid injury to their invitees." (Dkt. 48 at 1). Plaintiffs assert: "This dangerous condition existed the entire time in which General Manager Krause was adding River Rock to the planter because it was being depleted somehow [. . . ] [and] General Manager Krause reasonably should have known the rock was escaping from the planter." (Dkt. 48 at 13).

Constructive notice may be satisfied when evidence shows the injury was caused by a regular and recurring dangerous condition which the defendant should have foreseen. *Olivarius v. Tharaldson Prop. Mgmt., Inc.*, 695 F. Supp. 2d 824, 834 (N.D. Ill. 2010) (where hotel employees were aware of frequent flooding and guests complained of wet carpeting in their rooms, court found a genuine issue of material fact as to whether the defective flooring was part of a pattern of conduct or recurring incident on the hotel's premises). However, a record devoid of problems similar to the dangerous condition alleged precludes this method of constructive

notice. *See Torres v. T.G.I. Friday's*, 2006 WL 3743132 at *4 (N.D. Ill. Dec. 15, 2006) *aff'd sub nom. Torrez v. TGI Friday's, Inc.*, 509 F.3d 808 (7th Cir. 2007) (affirming grant of summary judgment where plaintiff was injured while cleaning the hood over a fryer exhaust fan at the defendant's restaurant but could not establish negligence; while the district court only considered constructive notice based on the lapse of a sufficient amount of time, it noted that plaintiff could not establish constructive notice based on a pattern of conduct or a recurring incident because "the record is devoid of any evidence as to similar injuries caused by problems with lighting in fryer hoods at T.G.I. Friday's").

In this case, Plaintiffs present no evidence of prior incidents of persons tripping on rocks. Plaintiffs rely on *Culli* wherein the Seventh Circuit upheld the jury verdict because of evidence establishing the defendants failed to frequently inspect the premises for defects and swept the area only at night despite the fact that the gas station had a pattern of spills in and around its gas tanks throughout the busy parts of the day. *Culli*, 862 F.2d at 126–27. To the contrary, Mr. Krause testified that as part of his duties as general manager he walks around the premises every day, "[e]very square foot of our store, our parking lot, my outside yard, and our perimeter." (Krause Dep. at 71). Menard's policies and procedures for monitoring for hazardous conditions require Menard employees to monitor the parking lots and to be on the lookout for unsafe conditions. (Krause Dep. at 71-72, 106). In fact Plaintiffs concede that there were "frequent inspections of the parking lot by the

General Manager, Front Store Manager and other team member employees." (Dkt. 48 at 14).

Moreover, a record devoid of any evidence as to similar injuries caused by the alleged dangerous condition (in this case river rock) precludes this method of constructive notice. *Torres*, 2006 WL 3743132, at *4, *supra*; *McKia-Coy v. Horseshoe Hammond, LLC*, No. 08 C 1709, 2010 WL 432275, at *4 (N.D. Ill. Feb. 2, 2010) (granting summary judgment because plaintiff, who slipped near a garbage can on defendant Casino's property and argued garbage can was surrounded by leaks and spills, failed to establish constructive notice where "there is no evidence that [the defendant] had knowledge of any prior incidents of slippery substances in the specific area where plaintiff fell, that the spills occurred with any frequency . . . or that there were any extenuating circumstances . . . that would have made a slippery substance particularly likely near the time the injury occurred. Finally, there is no evidence that any prior [ ] patron slipped on any material near any garbage can.").

Here, there is no evidence of other rocks in the parking lot, prior complaints by patrons or employees, injuries caused by rocks spilling from the planter, or previous claims of people tripping on rocks as they exited the store. (Krause Dep. at 70). There is no evidence that Menard had knowledge of any prior incidents involving river rock in the specific area where Mrs. Piotrowski fell or that the spills occurred with any frequency. (*See* Krause Dep. at 105-106) (noting no prior reports of tripping hazards or loose rock). Nor is there any evidence that any prior Menard

patron slipped on any landscaping rock or complained about rocks in the parking lot.

While Plaintiffs speculate that Menard must have known it created a dangerous condition because the planter was losing rocks, to establish constructive notice in a tort claim based on a pattern and practice of conduct, a plaintiff needs to show a pattern of dangerous conditions that were not attended to within a reasonable period of time. *See Culli*, 862 F.2d at 126. Even if Plaintiffs could point to evidence that Menard's employees knew that rocks were being dispersed from the planter, Plaintiffs have not established that the rocks created a dangerous condition. *See McKia-Coy*, 2010 WL 432275, at *4 ("While [Plaintiff] might have established that [Defendant] personnel found spills near garbage cans, she has not established that the spills were in any way dangerous."). Not only is there no evidence of a pattern of dangerous conditions created by rocks spilling from the planter, but there is also no evidence that Defendant ignored such a condition. There are no disputed issues of material fact as to actual or constructive notice and summary judgment is appropriate.

**2. Proximate Cause**

The parties also dispute whether the rocks were the proximate cause of Mrs. Piotrowski's injuries.[5] Plaintiffs assert Mrs. Piotrowski's fall was a direct result of

---

[5] Plaintiffs submitted a signed and notarized report from Gene Litwin, a safety consultant, dated March 12, 2015 (Dkt. 48 at 35-46); an unsigned report dated December 18, 2014 (Dkt. 58 at 22-24); and an April 24, 2015 affidavit (Dkt. 58 at 34-35). The unsworn reports are stricken. Fed. R. Civ. P. 56(c); 28 U.S.C. § 1746 (although a formal affidavit is not required, a written unsworn declaration must be subscribed in proper form as true under penalty of

the two rocks, and Defendant argues that this assertion is merely speculation and conjecture because there were no witnesses to the fall and Mrs. Piotrowski did not see the rocks until after her fall. (Dkt. 42 at 7). As already noted, the Court assumes for the purposes of this motion that Mrs. Piotrowski tripped on the rocks at issue. Even assuming the two rocks in the parking lot proximately caused Mrs. Piotrowski's fall, the Court finds that Plaintiffs cannot establish a breach of duty, an element to this negligence action. Thus, the Court declines to consider whether the issue of proximate cause presents a genuine issue of material fact.

### 3. *De Minimis* Rule

Defendant argues that because the rocks were only one-inch high, the defect is non-actionable under Illinois law. (Dkt. 42 at 14). Plaintiffs argue that the *de minimis* rule is inapplicable. Since Plaintiffs have failed to establish a *prima facie* negligence claim, the Court declines to resolve whether the rocks fall within the ambit of Illinois' *de minimis* rule.

---

perjury). The affidavit contains legal arguments and conclusions (i.e., "the physical cause of Mrs. Piotrowski's accident was stones from the overfilled Menards planter"; "Menards is responsible for this accident"). These conclusions are improper testimony and will not be considered by the Court. Experts may not testify "as to legal conclusions that will determine the outcome of the case." *Good Shepherd Manor Found. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (excluding expert testimony that consisted of legal conclusions). Plaintiffs' rely on Mr. Litwin's affidavit (although the Court notes it was filed after all statement of facts were submitted and briefing was completed) to establish the size of the planter outside Menard's store and to bolster Mrs. Piotrowski's testimony that she stepped on something that caused her to fall. (Dkt. 58 at 35). The Court, for purposes of this motion, is assuming that Mrs. Piotrowski fell on rocks. Even if the Court were to consider this aspect of Mr. Litwin's testimony, it would not alter the Court's analysis.

## III. CONCLUSION

Plaintiffs failed to present evidence demonstrating that Menard was responsible for the rocks in the parking lot on which Mrs. Piotrowski tripped or that Menard had either actual or constructive notice of the existence of the rocks. Accordingly, Plaintiffs have failed to present a *prima facie* negligence claim and Defendant's motion for summary judgment is granted.

E N T E R:

Dated: August 31, 2015

MARY M. ROWLAND
United States Magistrate Judge