# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HANNAH PIOTROWSKI and
JAMES PIOTROWSKI,

        Plaintiffs,

        v.

MENARD, INC.,

        Defendant.

No. 13 C 5572

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

This case arises from a fall in the parking lot of a retail store owned and operated by Menard, Inc., a Wisconsin corporation. Plaintiffs Hannah and James Piotrowski, Illinois residents, brought a negligence claim against Menard based on Mrs. Piotrowski's physical injuries suffered as a result of her fall at Menard's store and Mr. Piotrowski's loss of consortium. (Dkt. 1-1). On July 2, 2013, Plaintiffs filed this action in the Circuit Court of Cook County, Illinois, and on August 5, 2013, Defendant removed it to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441(a). (Dkt. 1). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (Dkt. 13). Defendant's motion for summary judgment was granted and judgment was entered in favor of Menard, Inc. (Dkt. 64). On November 29, 2016, the judgment was affirmed. *Piotrowski v. Menard, Inc.*, —F.3d—, No. 15-3163, 2016 WL 6988774 (7th Cir. Nov. 29, 2016).

Defendant now seeks costs from Plaintiffs in the amount of $8,942.38 (Dkt. 65), and Plaintiffs filed objections (Dkt. 68). For the reasons state below, Defendant is entitled to an award of costs in the amount of **$5,247.78**.

## I. DISCUSSION

Under the Federal Rules, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Nevertheless," a district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–43 (1987)). The list of recoverable costs authorized under 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses; [and]
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; . . . .

Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 702 (7th Cir. 2008). Thus, in order to tax costs against the losing party the Court must determine "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). Although there is a strong presumption that the prevailing party should recover its costs, *Park v. City of Chi.*, 297 F.3d 606, 617 (7th Cir. 2002), the "party seeking an award of costs

carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009); *see Telular Corp. v. Mentor Graphics Corp.*, No. 01 CV 0431, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006) ("The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used."). "Once the prevailing party demonstrates that the particular items of costs should be allowed, the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Products Grp., Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)). Ultimately, the "decision to award costs is within the district court's discretion." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *see Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013) ("the decision whether to award costs ultimately lies within the sound discretion of the district court"); *Beamon*, 411 F.3d at 864 ("A district court's award of costs will not be overturned in the absence of a clear abuse of discretion.").

On September 3, 2015, the Court entered summary judgment in favor of Defendant after finding that Plaintiffs failed to present a *prima facie* negligence claim. (Dkt. 63, 64). Accordingly, Defendant is the prevailing party and is entitled to recover all allowable costs pursuant to Rule 54(d).

1. **Court Fees**

Defendant seeks $400 in court fees and costs associated with removing the case to federal court. (Dkt. 65 at 1 & Ex. B). Plaintiffs object, arguing that removing the case from state court was Defendant's choice. (Dkt. 68 at 3). Section 1920(1) expressly provides for taxation of fees of the clerk. "Although the Seventh Circuit has not specifically addressed the taxation of a removal fee, other district courts in this Circuit have allowed removing defendants to recover that fee as a cost, reasoning that 'plaintiff's choice to file in state court should not place defendants in a worse position with respect to recovery of costs than if plaintiff had filed the case in federal court at the outset.'" *Cleary v. Philip Morris Inc.*, No. 09 C 1596, 2010 WL 4039793, at *3 (N.D. Ill. Oct. 14, 2010) (quoting *Beckham v. Stiles,* No. 06 C 978, 2009 WL 4667256 (E.D. Wis. Dec. 3, 2009)); *accord Aguirre v. Turner Constr. Co.,* No. 05 C 515, 2008 W L 4790392, at *3 (N.D. Ill. Oct. 27, 2008); *Reese v. Karl Schmidt Unisia, Inc.,* No. 07 C 98, 2008 WL 3465932, at *2 (N.D. Ind. Aug. 12, 2008). The Court agrees with these decisions and concludes that the removal fee that Defendant paid is a taxable cost.

2. **Court Reporter Costs**

Defendant seeks $2,888.25 in court reporter fees: $2,771.85 for deposition transcription by court reporters, and $116.40 for the cost of obtaining a transcription of the January 8, 2016 Court hearing. (Dkt. 65 at 1–2 & Ex. C). Plaintiffs object to $798 of these costs for transcribing the depositions of Drs. Stover and Bindra, which

were not needed for the summary judgment motion.[1] (Dkt. 68 at 3). Plaintiffs also objects to the $116.40 for the January 8, 2016 hearing transcript which they assert they never received. (*Id.*).

The prevailing party may recover transcription costs that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Instead, the reviewing court determines "whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Id.*; *accord Smith v. Chicago Transit Auth.*, No. 12 C 8716, 2015 WL 2149552, at *5 (N.D. Ill. May 6, 2015).

The Court finds that the depositions of Drs. Bindra and Stover were reasonably necessary. Early in this case, Plaintiffs disclosed Drs. Bindra and Stover as treating physicians having "knowledge of issues relevant to this case, including but not limited the injuries sustained by [Mrs. Piotrowski], the medical treatment rendered, the cause of [Mrs. Piotrowski's] injuries and treatment, [Mrs. Piotrowski's] condition and prognosis." (Dkt. 17 at 2). Further, despite Plaintiffs disclosing twenty treating physicians (*id.* at 2–3), Defendants deposed only two of them, and fact dis-

---

[1] The Northern District's local rules also require that the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States at the time the transcript or deposition was filed, and court reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee. L.R. 54.1(b); *accord Smith*, 2015 WL 2149552, at *5. Plaintiffs do not contend that the copy rate and attendance fees exceed these limits.

covery, including the depositions of treating physicians, was ordered closed prior to Defendants filing for summary judgment (Dkt. 23–26, 30). The $798 paid to transcribe the depositions of Drs. Bindra and Stover are taxable costs.

However, Defendant's request for $116.40 for the cost of obtaining a transcription of the January 8, 2016 Court hearing is disallowed. Defendant does not explain or attempt to meet its burden to explain why transcribing this routine motions hearing was reasonably necessary to this litigation. *Little*, 514 F.3d at 702.

### 3. Duplication Costs

Defendant seeks $658.20 in duplication and exemplification costs. This amount includes photocopying of documents served on Plaintiffs and documents filed with the Court, as well as for printing documents served electronically on Defendant by Plaintiffs in connection with their response to Defendant's motion for summary judgment. (Dkt. 65 at 2 & Ex. D). Plaintiffs object to these costs, arguing that Defendant fails to provide a detailed itemization. (Dkt. 68 at 3).

Section 1920(4) allows for the recovery of costs for copies of materials that were "necessarily obtained for use in the case." "This includes costs for copies related to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel." *Se-Kure Controls*, 873 F. Supp. 2d at 947. "Thus, where [the prevailing party] has failed to substantiate that all of the costs it claims within a certain category were necessary and reasonable, we reduce the costs to the level supported by [the party's] proof—

even if that is zero." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010).

Here, Defendant provides a spreadsheet containing only the date and copying expenses. (Dkt. 65, Ex. D). The Court finds that Defendant has not met its burden to demonstrate that the duplication costs were necessary and reasonable and disallows them in their entirety.

**4. Fees for Subpoenas of Records**

Defendant seeks $1,969.53 in costs associated with the subpoenas of medical records. (Dkt. 65 at 3 & Ex. E). Plaintiffs object that these costs include duplicated records and that the medical records were unnecessary for Defendant's summary judgment motion. (Dkt. 68 at 3–4). "Awarding the costs of obtaining copies of medical records necessary for a case is 'clearly allowable' in the Seventh Circuit." *Gillman v. Crown Equip. Corp.*, No. 95 C 1914, 1996 WL 556706, at *5 (N.D. Ill. Sept. 26, 1996) (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)) ("The district court awarded the defendants $2,536.89 for copies of papers necessarily obtained for use in the case. The papers included copies of medical records and pleadings. These costs are clearly allowable."); *see* Fa*biyi v. McDonald's Corp.*, No. 11 CV 8085, 2014 WL 2819007, at *2 (N.D. Ill. June 23, 2014) ("The company submitted invoices and checks showing that it spent $95.01 subpoenaing medical records from Fabiyi's medical providers. These copies of medical records were 'necessarily obtained for use in the case' because Fabiyi's ADA claims were premised on her alle-

gation that she was under a medical disability. Costs of obtaining medical records are 'clearly allowable' under Rule 54(d)."). These costs are allowable.

**5. Fees for Witnesses**

Defendant seeks $3,026.40 in fees associated with the depositions of Miguel Guzman, Dr. Stover, and Dr. Bindra. (Dkt. 65 at 4 & Ex. F). Plaintiffs do not object to Guzman's witness fee of $26.40. However, Plaintiffs object to Dr. Stover's deposition fee of $1,000 and Dr. Bindra's deposition fee of $2,000. Plaintiffs assert that these deposition "could have been scheduled to take place after a ruling on [the summary judgment] motion." (Dkt. 68 at 4).

Section 1920(3) allows recovery of witness fees. However, "the prevailing party can recover only the statutory amounts prescribed in [28 U.S.C.] § 1821." *Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 911 (7th Cir. 1986); *accord Richman v. Sheahan*, No. 98 C 7350, 2010 WL 2889126, at *3 (N.D. Ill. July 14, 2010) ("Witness fees are recoverable under § 1920(3), but only to the extent allowable by 28 U.S.C. § 1821."); *see E.E.O.C. v. Sears, Roebuck & Co.*, No. 79 C 4373, 1987 WL 11642, at *5 (N.D. Ill. May 21, 1987) (*Fuller* "precludes this court from awarding [witness fees, either for experts or nonexperts,] in excess of Section 1821's limit for witness fees"). Section 1821 limits witness fees to $40 per day plus normal travel expenses. 28 U.S.C. § 1821(b), (c)(4).

Drs. Stover and Bindra did not submit any requests for travel expenses. (Dkt. 65, Ex. F). Thus, the Court allows $40 for each of their witness fees, along with Guzman's witness fee of $26.40, but disallows the remaining $2,920.

## II. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant's petition for costs [65]. Defendant's bill of costs, requesting $8,942.38, is reduced by $3,694.6 ($116.40 (transcripts) + $658.20 (copying) + $2,920 (witness fees)). Defendant is awarded costs taxable to Plaintiffs in the amount of **$5,247.78**.

E N T E R:

Dated: December 8, 2016

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge